# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOAN GLENNON,

    Plaintiff,

v.                                          CASE NO: 8:15-cv-919-T-26AEP

PETSMART, INC.,

    Defendant.
_____/

## O R D E R

**UPON DUE AND CAREFUL CONSIDERATION**, it is ordered and adjudged that the Plaintiff's Motion to Remand for Lack of Jurisdiction (Dkt. 4) is **denied** based on the very recent authority of Gillinov v. Hillstone Rest. Group, Inc., No. 15-80015-CIV, 2015 WL 1285361 (S.D. Fla. Mar. 20, 2015). As in Gillinov, the Plaintiff's counsel's six-page pre-suit settlement letter attached to the Defendant's Notice and Petition for Removal (Dkt. 1), in which counsel demands the payment of the policy limits of the Defendant's liability insurance coverage of $500,000.00, "is exceptionally detailed" with regard to the Defendant's liability and the extent of the Plaintiff's past and future damages. Thus, this demand letter can hardly be characterized as "puffing or posturing" but instead provides specific information supporting the Plaintiff's claim for damages. See Short v. State Farm Mut. Auto. Ins. Co., No. 6:13-cv-839-Orl-28, 2013 WL 5550789, at *2 (M.D. Fla. Sept. 25, 2013). Accordingly, the Defendant has more than established by a preponderance of the evidence based on the facts and the amount of damages alleged in the

demand letter that the amount in controversy exceeds the sum of $75,000.00, which is the monetary threshold for this Court's diversity jurisdiction. Id.

**DONE AND ORDERED** at Tampa, Florida, on April 21, 2015.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO**:
Counsel of Record